UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JAMES GILLOTTE, TDOC # 540006,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:20-CV-00873 |
| ) | |
| **DR. OLIVER CAMPBELL,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

Plaintiff James Gillotte, an inmate of the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Dr. Oliver Campbell, alleging violations of Plaintiff's civil rights. (Doc. No. 1). He also filed a motion to appoint counsel. (Doc. No. 3). As relief, Plaintiff seeks medical treatment and punitive damages. (Doc. No. 1 at 9).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and

1

1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir.2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that

2

the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that Plaintiff suffers from diabetes and, when he entered the prison system seven years ago, doctors prescribed him with "Gabapenton"[1] for neuropathy in his feet. While incarcerated at the Lois M. DeBerry Special Needs Facility, Plaintiff has received Gabapenton until Defendant Dr. Campbell began overseeing Plaintiff's medications. Dr. Campbell "is out of" Centurion Managed Care. (Doc. No. 1 at 7). According to the complaint, Dr. Campbell "has cut [Plaintiff] off" Gabapenton "several times" and "has told [Plaintiff] to try other kinds of medications." (Id.) Plaintiff has followed Dr. Campbell's instructions, but reports that other medications have not worked for him like Gabapenton.

Plaintiff's prison physician "has explained to Dr. Campbell over and over that [he] need[s]" the Gabapenton. (Id.) In July 2020, Dr. Campbell prescribed Gabapenton to Plaintiff for two months, then withdrew it again in September 2020. The complaint alleges that Dr. Campbell's failure to prescribe him Gabapenton consistently is "[a]ffecting [his] body and making it hard for [him] to work." (Id. at 8).

### IV. Analysis

The complaint does not indicate in which capacity Plaintiff intends to sue Dr. Campbell (Doc. No. 1 at 6), but there is no indication that Plaintiff intends to sue Dr. Campbell's employer;

---

[1] According to webmd.com, Gabapentin (common brand Neurontin) is an anticonvulsant or antiepileptic drug used with other medications to prevent and control seizures and to relieve nerve pain following shingles. WebMD, https://www.webmd.com/drugs/2/drug-14208-8217/gabapentin-oral/gabapentin-oral/details (visited on Oct. 21, 2020). Herein, the Court will use the spelling provided by Plaintiff, although it appears he is referencing Gabapentin.

3

nor are there any allegations in the complaint of an unconstitutional policy of practice regarding inmate medication or medical treatment.

Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. Deliberate indifference "entails something more than mere negligence," Farmer, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint

4

alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Id. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. See Estelle, 429 U.S. at 107. However, prison medical personnel may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or lack thereof or by "interfer[ing] with treatment once prescribed." Estelle, 429 U.S. at 104-05; see also Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (a prisoner has a cause of action for deliberate indifference if he "suffers pain needlessly when relief is readily available.")).

Here, construing the pro se Plaintiff's allegations liberally, the complaint alleges that Dr. Campbell, the physician responsible for monitoring and controlling Plaintiff's medications, intentionally is causing Plaintiff unnecessary pain and suffering by withholding medication that demonstrably works for Plaintiff. The complaint further alleges that Dr. Campbell is aware that Plaintiff experiences pain and the inability to work while on other medications instead of Gabapenton, yet Dr. Campbell refuses to prescribe Gabapenton for Plaintiff for more than a few months at a time. Furthermore, Plaintiff's prison physician supports Plaintiff's use of Gabapenton, and Plaintiff has been taking the drug successfully for over seven years while incarcerated, two of which have been at the same facility where Plaintiff presently is incarcerated.

In Estelle, the Supreme Court specifically indicated that interruption of a prescribed plan of treatment could constitute an Eighth Amendment violation. 429 U.S. at 105. Further, the Supreme Court in Estelle stated that the unnecessary suffering which results from the denial of medical care is inconsistent with contemporary standards of decency. Id. at 103; see Boretti, 930 F.2d 1150, 1154-55 (reversing and remanding district court's decision to grant summary judgment to prison nurse, finding that issue of fact existed as to whether nurse had wantonly failed to provide prescribed treatment, thereby exhibiting deliberate indifference to serious medical need in violation of Eighth Amendment). Plaintiff here alleges this type of suffering and alleges that relief was readily available. The Court therefore finds that the complaint's allegations, "if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Estelle, 429 U.S. at 103.

Consequently, for purposes of the required initial screening under the PLRA, the Court finds that the complaint sets forth a non-frivolous Eighth Amendment claim under Section 1983 against Dr. Campbell in his individual capacity based on the inadequacy of Plaintiff's medical treatment.

### V. Motion to Appoint Counsel

Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 3). He states that he is incarcerated, indigent, and "not versed" in the law or the procedures of the Court. (Id. at 1). He further states that "[t]his case will proceed in a more orderly and economically feasible manner with the appointment of counsel." (Id.)

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social

6

Case 3:20-cv-00873   Document 5   Filed 10/22/20   Page 6 of 8 PageID #: 43

Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. See Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent, legally untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application to proceed in forma pauperis and supporting documents, and a motion seeking counsel. The Court finds that Plaintiff is effectively representing his own interests to date. See, e.g., Flores v. Holloway, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's motion to appoint counsel (Doc. No. 3) therefore will be denied without prejudice. Plaintiff may renew this motion at a later time if the circumstances warrant.

### VI.     Conclusion

In conclusion, the Court has reviewed the complaint pursuant to the PLRA and finds that the complaint states an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs claim under Section 1983 against Dr. Campbell in his individual capacity. This

7

claim shall proceed for further development of the record. Plaintiff's motion seeking the appointment of counsel (Doc. No. 3) will be denied.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE